IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAYSSON CHARLES BROWN | § | |
| | § | |
| V. | § | CAUSE NO. A-18-CV-724-SS |
| | § | [A-13-CR-437(1)-SS] |
| UNITED STATES OF AMERICA | § | |

## ORDER

BE IT REMEMBERED on this day, the Court reviewed the file in the above-styled cause, and specifically Movant Jaysson Brown's pro se Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 97).[1] Having considered the motion, the governing law, and the file as a whole, the Court now enters the following opinion and order denying Brown's amended motion.

### Background

Brown and a codefendant were charged by indictment with one count of conspiracy to commit bank robbery in violation of 18 U.S.C. §§ 371 & 2113 (Count One), and three counts of bank robbery in violation 18 U.S.C. § 2113 (Counts Two, Three, and Four). (ECF No. 15). A superseding information charged Brown with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count One) and one count of possessing, using, discharging and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). (ECF No. 28). On October 29, 2013, at the conclusion of a Rule 11 hearing and

---

[1] Brown's original Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 86) was superseded by his amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 97) and is dismissed.

1

pursuant to a plea agreement, Brown pleaded guilty to both counts of the superseding information. (ECF No. 26; ECF No. 36). In the plea agreement Brown waived his right to an appeal and to collaterally attack his conviction and sentence, other than to assert a claim of ineffective assistance of counsel or prosecutorial misconduct. (ECF No. 36). In return for Brown's guilty plea the Government agreed to dismiss any remaining pending charges and to forebear filing additional charges arising from the facts known to the Government at the time of the plea bargain. (ECF No. 26).

Probation prepared a Presentence Investigation Report ("PSR"). (ECF No. 61). The PSR calculated an offense level of 20 and a criminal history category of VI, resulting in a sentencing guideline range of 70 to 87 months on Count One. The PSR noted the sentencing guidelines provided for a consecutive term of five years' imprisonment on Count Two, the statutory minimum sentence. (ECF No. 61). On January 31, 2014, Brown was sentenced to 87 months' imprisonment on Count One and a consecutive term of 129 months' imprisonment on Count Two,[2] in addition to concurrent terms of five years supervised release on both counts. The Court ordered the prison sentences be served consecutively to the sentence imposed in A-04-CR-005(1).[3]

In his amended motion to vacate Brown alleges his guilty plea and waiver of his appellate rights was unknowing and involuntary. Brown contends his counsel was ineffective for failing to

---

[2] The Court departed upward with regard to the sentence imposed on Count Two, citing 18 U.S.C. § 3553(a).

[3] In A-04-CR-005(1) Brown pleaded guilty to one count of being a felon in possession of a firearm and was sentenced to a term of 78 months' imprisonment and three years of supervised release. Brown's commission of the instant crime provided the basis for revocation of his supervised release in A-04-CR-005(1), and he was sentenced to a term of 24 months to be served consecutive to his sentence in the instant cause for a total of 240 months' imprisonment.

2

move for a mental evaluation. He further asserts he was improperly sentenced because 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutionally vague, citing *Sessions v. Dimaya*. He also argues the imposition of consecutive sentences violates his right to be free of double jeopardy because 18 U.S.C. § 924(c)(1)(A) is duplicitous of 18 U.S.C. § 2113(d).

**Analysis**

**I. Section 2255-Legal Standard**

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) the district court imposing the sentence lacked jurisdiction; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

**II. Application**

**A. Knowing and Voluntary Guilty Plea**

In his written plea agreement Brown waived his right to collaterally attack his conviction and sentence, other than to assert a claim of prosecutorial misconduct or ineffective assistance of counsel. Brown alleges his guilty plea and waiver of his appellate rights were unknowing and involuntary because he was mentally incompetent at the time of his plea, he was on psychotropic medications at the time of his plea, and because he was denied the effective assistance of counsel during his plea proceedings because counsel did not acknowledge his mental incompetence.

A defendant may waive his right to a collateral attack of his conviction and sentence by means of a plea agreement, provided the waiver is both knowing and voluntary. *See, e.g., United*

3

*States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). The Supreme Court's decision in *Boykin v. Alabama* requires a hearing prior to entry of a guilty plea, at which the Court must elicit an affirmative showing that the decision to plead guilty was voluntary and intelligent. 395 U.S. 238, 243 (1969); *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are voluntary and knowing, by requiring a judge to ensure the defendant understands the law governing his crime in relation to the facts of his case, as well as his rights as a criminal defendant. *United States v. Vonn*, 535 U.S. 55, 62 (2002). Compliance with the admonishments required under Rule 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993).

At his Rule 11 hearing, Brown, who was under oath, demonstrated an understanding of the proceeding. Brown told the Magistrate Judge he was not suffering "from any mental or physical condition," nor was he "under the influence of any drugs, alcohol, or medication" that interfered with his ability to understand the proceedings. (ECF No. 103-3 at 7). He told the Magistrate Judge he was satisfied with his counsel's representation and he had no "complaints whatsoever about the performance of [his] attorney." (*Id.*). Brown understood the summary of facts establishing his guilt, and stated he had read and understood the plea agreement and its terms. (ECF No. 103-3 at 10). The Magistrate Judge described the plea agreement as long and complex, and asked Brown if he had questioned his lawyer about "anything that [he] did not understand." Brown replied: "Yes, sir, I did." (ECF No. 103-3 at 10-11). Brown told the Magistrate Judge he had "carefully" reviewed the plea agreement with counsel before signing it. (ECF No. 103-3 at 13). Brown did, at one point,

4

ask to consult his counsel about a "wording issue," and after conferring with counsel told the Magistrate Judge he understood the charges against him as stated in the information. (ECF No. 103-3 at 14-15). He averred he had "gone over" the information with counsel "[a] few times" prior to the hearing, and told the Magistrate Judge he understood the statutory penalties with regard to each count of the information, including a potential consecutive life sentence with regard to the § 924(c) charge. (ECF No. 103-1 at 15-17).

After being admonished regarding his rights and the discretionary nature of the sentencing guidelines, Brown told the Magistrate Judge it was his desire to enter a guilty plea and he declared he was pleading guilty "freely and voluntarily." (ECF No. 103-3 at 21-24). When asked if he was pleading guilty because he was guilty and for no other reason, Brown stated: "I'm pleading guilty, your Honor, because I did this . . . My dad told me, he said, fess up to what you do. That's what I'm doing." (ECF No. 103-3 at 28).[4] Brown then actually clarified the factual basis for his guilty plea, stating during the robbery he talked to a teller after a "gunshot went off," rather than before. (ECF No. 103-3 at 32). At the conclusion of the hearing, Brown told the Magistrate Judge he did not have any questions regarding the hearing or his guilty plea. (ECF No. 103-3 at 37).

Brown's Rule 11 hearing was conducted October 29, 2013. (ECF No. 103-3). In support of his assertion that he was not mentally competent when he entered his guilty plea, Brown offers prison Psychology Services reports. (ECF No. 97-2). The reports note Brown engaged in self-harm in early 2016, "to ensure he received medical attention." (ECF No. 97-2 at 5). The reports also

---

[4] Brown also took responsibility for his codefendant's guilt. Brown's counsel told the Magistrate Judge: "Part of Mr. Brown's consideration in entering into his plea agreement is, the government was offering a very favorable plea agreement to [his female codefendant], and that was part of his consideration because he feels like he got her into all of this. . . ." (ECF No. 103-3 at 28).

state: "BROWN has been incarcerated in the BOP on two occasions; the first was from 2004 to 2009, and the second, for the [instant] offense, began in 2014. However, reports of his odd beliefs did not begin until approximately 2 years into his current incarceration." (*Id.*). The reports state Brown was being medicated for personability disorder, delusional disorder, unspecified schizophrenia and other psychotic disorder and one instance of major depressive disorder and anxiety disorder. (ECF No. 97-2 at 4). However, the reports note Brown's mental health care level was not increased until December 21, 2017. (ECF No. 97-2 at 3). Additionally, the reports indicate:

> ... BROWN was made a CARE 2-MH inmate on 06/23/2016. However, his mental health care level decreased on 11/18/2016, after it was noted that "Inmate does not report or exhibit symptoms that would require extensive, regular monitoring required for Care2-mh assignment." On 12/27/2018, mental health care level was increased back to CARE2MH, "based on his diagnosis of a psychotic disorder," and the need for medication monitoring of psychotropic/antipsychotic medication.

(ECF No. 97-2 at 5). These reports do not show Brown was incompetent at the time of his plea in 2013 but instead show Brown suffered from mental health problems after his return to prison. Accordingly, Brown has failed to produce any evidence indicating he was mentally incompetent when he entered his guilty plea in 2013.

Brown's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if the entry of his guilty plea was knowing and voluntary. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002), *citing Blackledge v. Allison*, 431 U.S. 63, 73 (1977), *and United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). Brown fails to meet the high burden of proving his plea was not knowing and voluntary, because his testimony at his Rule 11 hearing trumps any current claims to the contrary. *Cothran*, 302 F.3d at 284. Accordingly, the Court concludes Brown's guilty plea and his waiver of his right to appeal or collaterally attack his conviction and sentence was knowing and voluntary.

### B. Ineffective assistance of counsel

Even if a defendant waives his right to collaterally attack his conviction and sentence, he can avoid those waivers based on ineffective assistance of counsel if he establishes "the claimed assistance directly affected the validity of [the] waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, including the effective assistance of counsel when entering a guilty plea. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). An ineffective assistance of counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim, i.e., the *Strickland* standard. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To successfully state a *Strickland* claim, a movant must demonstrate his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden of proof is on the movant alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

To show deficient performance a movant must establish counsel's performance fell below an objective standard of reasonable competence. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993); *United States v. Kayode*, 777 F.3d 719, 723 (5th Cir. 2014). In the context of a guilty plea, *Strickland*'s "prejudice" analysis "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. Reviewing courts must consider the totality of the evidence before the finder of fact when assessing whether the result of the defendant's criminal proceedings would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Brown's statements at his Rule 11 hearing regarding his satisfaction with counsel's performance "trump" his current statements to the contrary. *Cothran*, 302 F.3d at 284 (giving statements during a plea colloquy "greater weight than unsupported, after-the-fact, self-serving assertions"); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ( "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath."). Furthermore, there is no indication in the record Brown was incompetent at the time of his plea proceedings and, accordingly, counsel's performance was not deficient for failing to request a mental health evaluation. Moreover, Brown has not established a reasonable probability the result of the proceeding would have been different but for counsel's unprofessional errors. *Hill*, 474 U.S. at 58.

### C. Constitutionality of 18 U.S.C. § 924(c)(1)(A)(i)

Brown argues he was improperly sentenced, asserting 18 U.S.C. § 924(c)(3) is unconstitutionally vague. Brown pleaded guilty to a violation of 18 U.S.C. § 924(c)(1)(A)(i), which requires imposition of a consecutive minimum sentence of five years' imprisonment if the defendant used or carried a firearm while committing a "crime of violence." A "crime of violence" is defined as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *Johnson v. United States*, 135 S. Ct. 2551, 2557, 2561 (2015), the Supreme Court held unconstitutionally vague the "residual clause" of 18 U.S.C. § 924(e)(2)(B), defining a "violent

felony." The language found unconstitutionally vague in *Johnson* defined a violent felony as "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).[5] The language found unconstitutionally vague in *Johnson* is similar to the language used in 18 U.S.C. § 924(c)(3)(B). However, the crime of armed bank robbery is defined as a crime of violence pursuant to § 924(c)(3)(A), the elements clause. This means Brown's conviction survives so long as his underlying Section 2113(a) conviction for armed bank robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). It does, as the Fifth Circuit has already held Section 2113(a) satisfies an identical elements clause contained in the Sentencing Guidelines. *United States v. Brewer*, 848 F.3d 711, 714-16 (5th Cir. 2017). Armed bank robbery therefore constitutes a crime of violence under Section 924(c)(3)(A) for the same reasons. *United States v. Cheers*, No. 17-60668, 2019 WL 237020 (5th Cir. Jan. 16, 2019). Accordingly, the holdings in *Johnson* and *Dimaya* do not provide relief to Brown, because bank robbery is a crime of violence pursuant to the elements clause of section 924(c), not the residual clause.

**D. Double Jeopardy**

Brown contends his consecutive sentences violate his right to be free of double jeopardy because 18 U.S.C. § 924(c)(1)(A) is duplicitous of 18 U.S.C. § 2113(d). This claim is precluded by the Fifth Circuit Court of Appeals' decision in *United States v.* McCarty, which specifically rejected a claim that consecutive punishment under § 2113(a) and (d) and § 924(c)(1) violated the double jeopardy clause. *See* 36 F.3d 1349, 1357, 1361 (5th Cir. 1994) ("Where Congress

---

[5] In support of this claim Brown cites *Sessions v. Dimaya* , 138 S. Ct. 1204 (2018). *Dimaya* extended the holding in *Johnson* to an immigration statute which incorporated language identical to that found unconstitutionally vague in *Johnson*.

authorizes cumulative punishments for even the same offense, the Double Jeopardy Clause of the Fifth Amendment is not offended.").

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate [] reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Brown's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

## Conclusion

Accordingly,

**IT IS ORDERED** that Movant Jaysson Brown's Original Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 86) is **DISMISSED**.

**IT IS FURTHER** ORDERED that Movant Jaysson Brown's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 97) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** this the 22nd day of February 2019.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE